UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID FRYE, TRUSTEE, and <br> INDIANA LABORERS PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> YOUNGS EXCAVATING, INC., an Indiana corporation; YOUNGS DEVELOPMENT, INC., an Indiana corporation; KURT D. YOUNGS, an individual; and MARY F. YOUNGS, an individual, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NO.:1:16-cv-820 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs, Indiana Laborers Pension Fund and David Frye, one of its present trustees, for a cause of action against Defendants allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), in that the Indiana Laborers Pension Fund is administered

at its principal place of business in Terre Haute, Indiana.

## PARTIES

4. Plaintiff Indiana Laborers Pension Fund (the "Pension Fund") is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

5. Plaintiff David Frye is a trustee of the Pension Fund, and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10).

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee David Frye, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Youngs Excavating, Inc. is a corporation organized under the laws of the State of Indiana.

8. Defendant Youngs Development, Inc. is a corporation organized under the laws of the State of Indiana.

9. Defendant Kurt D. Youngs is an individual who resides in the State of Indiana.

10. Defendant Mary F. Youngs is an individual who resides in the State of Indiana.

## CLAIM FOR RELIEF

11. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12. On or about June 1, 2012, Kurt D. Youngs was married to Mary F. Youngs.

13. On or about June 1, 2012, Kurt D. Youngs and Mary F. Youngs directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Youngs Excavating, Inc.

14. On or about June 1, 2012, Kurt D. Youngs and Mary F. Youngs directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Youngs Development, Inc.

15. On or about June 1, 2012, Kurt D. Youngs and Mary F. Youngs personally owned and operated an unincorporated "trade or business," within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), that consisted of providing real estate upon which Youngs Excavating, Inc. operated (the "Real Estate Business").

16. On or about June 1, 2012, Youngs Excavating, Inc., Youngs Development, Inc., and the Real Estate Business were a group of trades or businesses under common control (the "Youngs Excavating Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), and the regulations promulgated thereunder.

17. The Youngs Excavating Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

18. During all relevant times, Youngs Excavating, Inc. was bound by collective

bargaining agreements with the Indiana District Council of Laborers, under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

19. The Pension Fund determined that on or about June 1, 2012, the Youngs Excavating Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund, thereby effecting a "complete withdrawal," as defined in section 4203 of ERISA, 29 U.S.C. §1383.

20. On or about June 6, 2012, the Youngs Excavating Controlled Group, through Youngs Excavating, Inc., received a notice and demand for payment of the Withdrawal Liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382(2) and 1399(b)(1).

21. On June 14, 2013, Plaintiffs filed a lawsuit against Youngs Excavating, Inc. alleging a default in payment of interim withdrawal liability payments, and demanding a judgment for the full amount of the employer withdrawal liability. The case was assigned cause number 1:13-cv-00962-TWP-DML by this Court.

22. On December 1, 2015, the Court entered final judgment against Youngs Excavating, Inc. in the total amount of $154,252.00 for unpaid withdrawal liability, interest and damages. On March 8, 2016, the Court entered an order allowing attorney fees against Defendant in the amount of $9,312.00.

23. All of the Defendants Youngs Excavating, Inc., Youngs Development, Inc. and the Real Estate Business, as members of the Youngs Excavating Controlled Group, are jointly and severally liable to the Pension Fund for the withdrawal liability.

24. Kurt D. Youngs and Mary F. Youngs, as the owners of the unincorporated Real Estate Business, are personally liable for the withdrawal liability incurred by the Youngs Excavating Controlled Group which includes the unpaid principal amount of the withdrawal liability assessment, interest and all penalties as allowed by Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

WHEREFORE, Plaintiffs request the following relief against Defendants, excepting only Youngs Excavating, Inc:

1. A judgment pursuant to Sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§1132(g)(2) and 1451(b), for unpaid withdrawal liability, interest and damages in the amount of $154,252.00, as established by the judgment against Youngs Excavating, Inc., in cause number 1:13-cv-00962-TWP-DML.

2. Attorney fees in the amount of $9,312.00 as established by the judgment against Youngs Excavating, Inc., in cause number 1:13-cv-00962-TWP-DML, plus further fees incurred in initiating and prosecuting this action, as allowed by 29 U.S.C. §1132(g)(2).

3. Post-judgment interest computed and charged as allowed by statute.

4. For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

/s/Frederick W. Dennerline, III
Frederick W. Dennerline, III

FILLENWARTH DENNERLINE GROTH & TOWE, LLP
Suite 200, 429 East Vermont Street
Indianapolis, IN 46202
Telephone: (317) 353-9363
Fax: (317) 351-7232
E-mail: fdennerline@fdgtlaborlaw.com

p/44/sc